| | |
|---|---|
| LAW OFFICES OF GABRIEL DEL VIRGINIA<br>30 WALL STREET<br>12TH FLOOR<br>NEW YORK, NY 10005<br>212-371-5478<br>FAX : 212-371-0460<br>EMAIL: gabriel.delvirginia@verizon.net<br>*Proposed Counsel to Debtor StoryFile, Inc.* | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>STORYFILE, INC.,<br><br>                              Debtor. | Chapter 11<br><br>**Case No. 24-22398-shl** |

**DECLARATION OF JAMES FONG IN SUPPORT OF DEBTOR'S MOTION FOR (A) ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES; (II) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) APPROVING STALKING HORSE BIDDER; (IV) SCHEDULING BID DEADLINE, AUCTION DATE, AND SALE HEARING DATE; AND (V) APPROVING FORM OF NOTICE THEREOF; AND (B) ENTRY OF AN ORDER AFTER THE SALE HEARING (I) AUTHORIZING DEBTOR TO SELL ITS ASSETS; AND (II) AUTHORIZING DEBTOR TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND <u>(C) GRANTING RELATED RELIEF</u>**

I, James Fong, make this declaration under 28 U.S.C. § 1746:

I am the Interim Chief Executive Officer and Shareholder of StoryFile, Inc. ("StoryFile" or "Debtor").

1. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees of Debtor or advisors and

counsel to Debtor, or my opinion based upon my experience, knowledge, and information concerning Debtor's operations. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

2. This declaration is submitted in support of Debtor's motion (i) approving bidding procedures; (ii) approving procedures for the assumption and assignment of executory contracts and unexpired leases; (iii) approving stalking horse bidder; (iv) scheduling bid deadline, auction date, and sale hearing date; and (v) approving form of notice thereof; and (b) entry of an order after the sale hearing (i) authorizing debtor to sell its assets; and (ii) authorizing debtor to assume and assign certain executory contracts and unexpired leases; and (c) granting related relief.

3. I am authorized to submit this Declaration on behalf of Debtor.

**BACKGROUND**

4. Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 5, 2024 ("**Petition Date**").

5. No request has been made for the appointment of a trustee or examiner, and a creditors' committee has not been appointed by the Office of the United States Trustee for the Southern District of New York ("**U.S. Trustee**"). The Court has entered an order fixing September 30, 2024 as the last day for creditors to file proofs of claim.

6. Debtor continues in possession of its properties and is operating and managing its businesses as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. StoryFile is a private conversational video artificial intelligence company that allows individuals or organizations to capture, preserve, share, and consume stories, expertise, and experiences using natural language conversations through its proprietary and innovative conversational artificial intelligence platform.

8. Like many information technology companies, StoryFile is a pre-Series A start-up with unproven but highly promising technology and business model. StoryFile was able to raise its initial operating capital from friends and family and grew rapidly in 2021 and 2022.

9. StoryFile's focus on growth exceeded its ability to sustainably fund that growth and the company found itself unable to keep pace with its working capital requirements. Despite additional fundraising and new revenue streams to replenish its working capital, StoryFile continued to hemorrhage cash, coupled with increased payables and loan debt, resulted in insurmountable financial strain, compelling StoryFile to seek bankruptcy protection to restructure StoryFile's financial obligations and find a sustainable path forward. However, emergency relief is necessary to protect the value of the business as a going concern. Providing this relief will enable StoryFile to continue in business to serve the community and provide income to StoryFile's 11 employees who rely on their jobs at StoryFile to pay their own bills.

**StoryFile's Secured Debt**

10.     StoryFile's prepetition secured creditors include (collectively, "**Secured Debt**"):

   (i)    U.S. Small Business Association ("**SBA**") pursuant to a loan agreement dated July 11, 2020, in the amount of $126,000.00, of which $126,000.00 remains outstanding; secured by the filing of an UCC Financing Statement, UCC 1, with the Office of the California Secretary of State on July 25, 2020. However, this lien is not perfected, as it was not filed in the location, Delaware, where StoryFile is registered.

   (ii)   Key 7 Investment Company, pursuant to a Convertible Promissory Note dated April 21, 2022 in the amount of $1,500,000.00 all of which remains outstanding; perfected by the filing of an UCC Financing Statement, UCC 1, with the Delaware Department of State on April 13, 2023; and

   (iii)  Blythe Global Advisors LLC, pursuant to an engagement agreement dated July 17, 2022 in the amount of $198,928.08, of which $138,928.60 remains outstanding; perfected by the filing of an UCC Financing Statement, UCC 1, with the Office of the California Secretary of State on December 7, 2023. However, this lien is not perfected, as it was not filed in the location, Delaware, where StoryFile is registered.

11.     The value of the collateral is insufficient to secure all three liens; it

estimated that the first lien of Key 7 Investment Company is partially secured. Accordingly, only Key 7 Investment Company is entitled to adequate protection.

**Status of Loans**

12. Debtor has not made payments on the Secured Debt.

13. The Debtor proposes to sell certain assets pursuant to the Asset Purchase Agreement (as such term, and terms otherwise not defined herein, is defined in the Sale Motion).

14. Before the Debtor commenced this bankruptcy case and continuing afterwards, the Debtor has made concentrated, and intense good faith efforts to identify potential investors. Specific actions included: between January 15, 2024 and March 14, 2024, the Debtor marketed a $2.5 million convertible debt offering to sixteen existing and prospective investors and was able to secure only $300,000 from a friends and family investor. The Debtor also entertained and considered a bid from another "stalking horse" bidder, which potential bidder decided not to proceed. The lack of fundraising success led the Debtor to conclude that the Debtor is no longer investable, driven by i) the $5.5 million debt and payable burdens, including outstanding balance owed to employee reimbursements and sales commission; ii) the dilutive effects for future investors from existing $2.5 million SAFE investments; iii) the outstanding lien against the company held by Key 7 Investments Co; and iv) the $1.5 million working capital required for 6 months of operations.

15. Accordingly, it is evident that the transaction contemplated by the Sale Motion and related procedures leading up to the approval of the Asset Purchase Agreement and the closing thereof, is a valid and prudent exercise of business

judgment, and in the best interest of the Debtor, its creditors and all interested parties.

### **CONCLUSION.**

Your Declarant respectfully submits that this declaration illustrates the actions undertaken in pursuit of the optimal administration of the instant Chapter 11 Case, and the need for approval of the Sale Motion and Bid Procedures.

I certify and declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 9th day of August, 2024

*/s/ James Fong*
James Fong, CEO